## Gaullaher *against* Gaullaher.

A promise by a legatee to the testator, that he would pay a certain sum of money to another person, in consequence of which the testator omitted to bequeath the same sum to that person, is a good consideration for notes afterwards executed by the legatee to him.

ERROR to the common pleas of *Dauphin* county.

This was an action of debt by John Gaullaher against Mary Gaullaher and Abraham Horbach, administrators of George Gaullaher, deceased, upon two notes under seal given by the intestate in his life time; the notes were each for the same amount and executed at the same time.

"April 10th, 1832, I promise to pay to John Gaullaher or order 1000 dollars, as part of five such notes left him by my brother Thomas, as his legacy. Witness my hand and seal.

"GEO. GAULLAHER."

The facts were, that Thomas Gaullaher, in his life-time, designed to give his brother John, the plaintiff, in this suit, a legacy of 5000 dollars; but when his will was written, it was agreed by him and George, in the presence of the scrivener who wrote the will, that the legacy to John should be omitted, and that George, who was to be a residuary legatee, should give his notes to John for the 5000 dollars. After the death of Thomas, George did give his notes to John, and two of which were the subjects of claim in this suit.

The court (Blythe, President) instructed the jury that if they believed the evidence, the plaintiff was entitled to their verdict.

The following errors were assigned.

1. That the court erred in charging the jury that if they found

[Gaullaher v. Gaullaher.]

the facts referred to in the charge, there was a valid consideration for the notes in suit, and that it would have been fraudulent in George Gaullaher to have refused to pay them, and that they were binding on his administrators.

2. The court erred in their instruction to the jury on the second proposition submitted by the defendants in stating that the plaintiff did not rest his claim on an attempt to establish a nuncupative disposition of the estate of Thomas Gaullaher.

*Foster*, for plaintiff in error.
*M'Cormick*, for defendant in error.

PER CURIAM.—The principle involved here was discussed in Hoge *v.* Hoge, 1 *Watts* 163, where a devise on the faith of a devisee's promise to dispose of the land for the benefit of the testator's illegitimate son, was held to raise a trust. There is nothing like noncupation in such a case; and the principle of it is equally applicable to a bequest of chattels. Here the defendant's intestate had pledged his promise to pay 5000 dollars in lieu of an intended bequest of the same amount to the testator's brother; and had not legal securities been given, chancery would have declared the promissor a trustee. But promissory notes having been given, the only question that could arise, stands on the consideration; and it would be strange if a moral obligation, sufficient to raise a trust, were not sufficient to sustain a promise.

Judgment affirmed.